IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ROBERT MORGAN,

      Defendant.

21-CR-32W



## PLEA AGREEMENT

The defendant, ROBERT MORGAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Superseding Information which charges a violation of Title 18, United States Code, Section 371 (Conspiracy to Commit Wire Fraud) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release

may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. First, that two or more persons entered into an unlawful agreement to commit an offense against the United States, as charged in the Superseding Information, to wit: knowingly devising a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme used or caused to be used wire communications in interstate commerce;

   b. Second, that the defendant was a party to or a member of that agreement;

   c. Third, that the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, the defendant and at least one other alleged coconspirator shared a unity of purpose and intent to achieve a common goal or objective to commit an offense against the United States;

   d. Fourth, that at some time during the existence of the agreement or conspiracy, at least one of the members of the conspiracy committed at least one overt act in order to further the objective of the agreement; and

   e. Fifth, that the overt act was committed to further some object of the conspiracy.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty, including relevant conduct:

(a) In or around September 2016, in the Western District of New York, ROBERT MORGAN agreed with others to obtain money or property by means of inaccurate representations transmitted by wire in violation of Title 18, United States Code, Section 371.

(b) In furtherance of the conspiracy:

　　i. Ellison Heights Apartments, LLC was a limited liability company formed to purchase a residential apartment complex in Penfield, New York known as Ellison Heights Apartments ("Ellison Heights").

　　ii. ROBERT MORGAN was the manager of Morgan Ellison Heights LLC, which was the majority owner of Ellison Heights Apartments LLC.

　　iii. In September, 2016, ROBERT MORGAN, along with one or more co-conspirators, caused ESL Federal Credit Union (ESL) to issue a construction loan based on inaccurate information regarding the construction contract price. ROBERT MORGAN was a party to the agreement to send inaccurate information to ESL.

　　iv. ROBERT MORGAN saw and was aware of documents reflecting inaccurate information and agreed, along with one or more co-conspirators, for that information to be submitted to ESL to receive more funds from the loan.

　　v. The transmission via wire of this inaccurate information to ESL to obtain the construction loan was an overt act committed to obtain a larger amount of the construction loan than what would have otherwise been supported by the actual figures.

(c) ROBERT MORGAN acknowledges, understands, and agrees that he is, in fact guilty of the offense described above, which is a violation of Title 18, United States Code, Section 371. The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

(d) The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

### SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government maintains that the following specific offense characteristics do apply:

   a. § 2B1.1(b)(1)(K): the total loss (including relevant conduct) was in excess of $9,500,000 and thus there is a 20 offense level increase;

   b. the 2-level increase pursuant to Guidelines § 2B1.1(b)(2)(A)(i) [offense involved more than ten victims];

   c. the 2-level increase pursuant to Guidelines § 2B1.1(b)(10)(C) [offense involved sophisticated means]; and

   d. the 2-level increase pursuant to Guidelines § 2B1.1(b)(17)(A) [defendant derived more than $1,000,000 in gross receipts from one or more financial institutions].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that some or all of these increases do not apply.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8. The government maintains that the following adjustment to the base offense level does apply:

    e. The 4-level increase of Guidelines § 3B1.1(a) [defendant was an organizer or leader of criminal activity that involved 5 or more participants or was otherwise extensive].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, the government maintains that the adjusted offense level for the offense of conviction is 36. The defendant maintains that the adjusted offense level for the offense of conviction is 6.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) which would result in a total offense level of 34, if the government's calculations apply, and a total offense level of 4, if the defendant's calculations apply. In the event the government's calculations apply, the government further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 33.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal

history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. (a) It is the understanding of the government that, with a total offense level of 33 and criminal history category of I, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 60 months, a fine of $30,000 to $250,000, and a period of supervised release of 1 to 3 years.

(b) it is the understanding of the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0-6 months, a fine of $500 to $9,500, and a period of supervised release of 1 year.

(c) Nevertheless the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of no incarceration and no supervised release as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of probation that may be imposed by the Court at sentencing.

14. Neither party will move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15. The defendant understands that the defendant will not be able to withdraw his plea of guilty solely based on the Court's determination of the Sentencing Guidelines calculations.

16. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement as set forth in the Indictment (21-CR-32W) shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any of the reinstated charges. This Waiver shall be effective for a period of six month following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

18. On the basis of the government's agreement to dismiss the Conspiracy to Commit Bank Fraud count (Count 1) of the Indictment, in violation of Title 18, United States Code, Section 1349, as well as all open Bank Fraud counts, in violation of Title 18, United States

Code, Section 1344, which counts the defendant agrees carry ten-year statutes of limitation, the defendant agrees to waive a defense based on the statute of limitations as to the charge in the Superseding Information.

## V. REMOVAL

19. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

20. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. modify its position with respect to any sentencing recommendation in the event that subsequent to this agreement the government receives previously unknown information, including criminal history, conduct, and statements by the defendant subsequent to this agreement, regarding the recommendation.

21. At sentencing, the government will move to dismiss with prejudice the Indictment, 21-CR- 32W, in this action as against the defendant. Further, the parties are aware that the U.S. Department of Justice, Criminal Division, Fraud Section ("Fraud Section") is conducting criminal investigations into the defendant's conduct (collectively, the

"Fraud Section Investigations"). The parties understand that upon the entry of this guilty plea, the Fraud Section will decline to further investigate or prosecute the defendant in connection with the Fraud Section Investigations. If the defendant withdraws this plea, the defendant understands that the Fraud Section may reopen one or more of the Fraud Section Investigations.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office solely for use in the collection of any unpaid financial obligation in connection with this plea agreement.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

23. The defendant understands that the Court may require restitution in the amount to be determined by the Court as part of the sentence, pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663. In the event the Court determines that restitution is necessary, and restitution is imposed, the defendant understands that the defendant will not be able to withdraw the plea of guilty on the basis of such order, but is entitled to argue against such order.

24. The parties agree that the loan to the ESL Federal Credit Union referenced in the Factual Basis section of this agreement has been repaid in full and there is no restitution due and owing by the defendant to the ESL Federal Credit Union.

25. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so

that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

26. The defendant agrees to deposit the maximum potential fine, $250,000.00, into to a third-party escrow account mutually agreed upon with the government at least 10 days prior to sentencing, and the defendant reserves the right to advocate for a lower fine amount.

27. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VIII. FORFEITURE PROVISIONS

28. The defendant and the government acknowledge that the government has commenced a civil forfeiture action against assets in which the defendant may have a direct or indirect interest, which are identified in the amended civil forfeiture complaint filed in *United States v. 7405 Morgan Road, Liverpool, New York, et al.*, under Docket Number 19-CV-1157.

29 The defendant and the government have agreed to resolve this criminal action, the civil forfeiture action under case number 19-CV-1157, and all other civil forfeiture actions filed in the U.S. District Court for the Western District of New York (under case numbers 20-CV-334 and 20-CV-1484) through a global settlement. Therefore, as a condition of this plea, the defendant and the government will execute a civil Settlement and Forfeiture Agreement negotiated to resolve case numbers 19-CV-1157, 20-CV-334, and 20-CV-1484. The defendant and the government further agree that should the Court not "so order" the civil Settlement

and Forfeiture Agreement, the defendant retains his right to withdraw the plea and the defendant and the government each retain the right to withdraw from the plea agreement. The defendant and the government further agree to execute any other documents reasonably necessary to resolve the civil litigation in accordance with the Settlement and Forfeiture Agreement.

## IX. APPEAL RIGHTS

30. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12 (a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

31. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

32. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's

sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## X. OTHER PROVISIONS

33. The defendant agrees that the defendant will not bring a motion for attorney's fees and other litigation expenses under Public Law No. 105-119, section 617 (the "Hyde Amendment") on the ground that the position of the United States was vexatious, frivolous, or in bad faith with respect to the counts of conviction or any other count or charge that has been dismissed or which may be dismissed: (a) pursuant to this agreement; (b) in *United States v. Giacobbe, et al.*, 18-CR-108; and (c) in the related civil forfeiture actions (19-CV-1157, 20- CV-334, and 20-CV-1484). Further, the defendant acknowledges that he is not a "prevailing party" within the meaning of the Hyde Amendment as to (a), (b), and (c), above. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

34. The defendant agrees to withdraw the pending Motion for Reconsideration filed on October 1, 2021, in *United States v. Giacobbe, et al.*, (18-CR-108, Docket No. 507). The defendant agrees that the defendant will not renew or refile the pending motion at any time, or in any way petition the Court in the future for the relief sought in that motion.

   a. However, the defendant expressly reserves the right to renew or refile the motion or petition the Court for the relief sought in the pending motion in the event that the Court rejects this plea agreement, does not accept the defendant's guilty plea, or if the defendant withdraws his plea under ¶¶ 13 or 29, above, or if the government withdraws from this plea agreement under ¶29, above. If the pending motion is renewed or refiled, it must be done within six months of the Court's rejection, or the defendant's withdrawal, of the plea agreement.

   b. In the event that the defendant refiles the pending Motion for Reconsideration, the government agrees not to assert a timeliness defense if such refiling is done within six months of the defendant's plea

or this plea agreement being rejected by the Court, or withdrawn by the defendant or the government under ¶¶ 13 or 29.

## XI. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, ROBERT MORGAN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
EVAN GLABERSON
Assistant United States Attorney

Dated: April 12, 2022

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorneys, Joel M. Cohen, Esq. and Mylan L. Denerstein, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ROBERT MORGAN
Defendant

Dated: April 12, 2022

_____
JOEL M. COHEN, ESQ.
Attorney for the Defendant

Dated: April 12, 2022

_____
MYLAN L. DENERSTEIN, ESQ
Attorney for the Defendant

Dated: April 12, 2022