```
09:04:57   1              UNITED STATES DISTRICT COURT

           2              WESTERN DISTRICT OF NEW YORK

           3

           4    - - - - - - - - - - - - - - X
           5   UNITED STATES OF AMERICA    )      21CR32
                                           )
           6   vs.
                                               Rochester, New York
           7   ROBERT C. MORGAN            )    April 12, 2022
                              Defendant.        9:00 a.m.
           8   - - - - - - - - - - - - - - X
```

**PLEA**

```
           9

          10                  TRANSCRIPT OF PROCEEDINGS
          11       BEFORE THE HONORABLE ELIZABETH A. WOLFORD
                         UNITED STATES DISTRICT JUDGE
          12

          13             TRINI S. ROSS, ESQ.
                         United States Attorney
          14             BY: EVAN GLABERSON, ESQ.
                             JOSEPH KARASZEWSKI, ESQ.
          15             Assistant United States Attorneys
                         138 Delaware Avenue
          16             Buffalo, New York 14202

          17
                         JOEL COHEN, ESQ.
          18             MYLEN DENERSTEIN, ESQ.
                         TIMOTHY SUN, ESQ.
          19             Gibson Dunn, LLP
                         200 Park Avenue
          20             New York, New York 10166

          21

          22

          23

          24   COURT REPORTER: Karen J. Clark, Official Court Reporter
                              Karenclark1013@AOL.com
          25              100 State Street
                          Rochester, New York 14614
```

```
 1                    USA VS. R. MORGAN

 2

 3                P R O C E E D I N G

 4           *              *            *

 5

 6

 7           THE COURT:  Morning, everybody.

 8           THE CLERK:  Court calls the matter of the

 9  United States versus Robert Morgan, 21CR32.

10           THE COURT:  Let's have appearances for the

11  record.  On behalf of the government?

12           MR. GLABERSON:  Evan Glaberson on behalf of

13  the United States.  Good morning.

14           THE COURT:  Good morning.

15           On behalf of Mr. Morgan.

16           MR. COHEN:  Good morning, your Honor Joel

17  Cohen, Mylen Denerstein and Timothy Sun.

18           THE COURT:  Good morning and Robert Morgan

19  IS here as well.  I understand, Mr. Mr. Morgan, that

20  pursuant to the terms and conditions of a plea

21  agreement, you intend to plead to a one count Title 18

22  U.S.C. Section 371, conspiracy to commit wire fraud.  Is

23  that correct?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Why don't we make sure the
```

1          USA VS. R. MORGAN

09:11:54  2  microphone is right there in front of Mr. Morgan?  The

09:11:58  3  base of it can move.

09:12:01  4          THE DEFENDANT:  Yes.

09:12:01  5          THE COURT:  Because I don't want you to have

09:12:03  6  to keep leaning forward every time I ask you a question.

09:12:06  7  I'm going to ask you a number of questions.  I know you

09:12:10  8  were here last week for the plea hearings for your

09:12:13  9  co-defendants.  As you know, there are a lot of

09:12:15  10  questions that I need to ask you, and I want to make

09:12:17  11  sure that you're able to answer them, and I'm able to

09:12:20  12  hear you and my court reporter is able to take down your

09:12:23  13  testimony.  So the very first step is for you to be

09:12:25  14  sworn in.  I'll ask you to please raise your right hand

09:12:29  15  and my courtroom deputy will swear you in.

09:12:33  16          (Whereupon, the defendant was administered

09:12:40  17  the oath by the courtroom deputy.)

09:12:40  18          THE COURT:  All right.  What you just did

09:12:42  19  there, sir, is you took an oath to tell me the truth.

09:12:45  20  Therefore, I'm going to expect you to answer my

09:12:47  21  questions truthfully.  If you do not answer my questions

09:12:50  22  truthfully, you could be prosecuted for another crime

09:12:53  23  called perjury.  Do you understand that?

09:12:55  24          THE DEFENDANT:  Yes, I do.

09:12:57  25          THE COURT:  Could you state your full name

```
 1                    USA VS. R. MORGAN
 2   for the record?
 3            THE DEFENDANT:  Robert C. Morgan.
 4            THE COURT:  And where were you born, Mr.
 5   Morgan?
 6            THE DEFENDANT:  Rochester, New York.
 7            THE COURT:  How old are you?
 8            THE DEFENDANT:  Sixty-five.
 9            THE COURT:  How far did you go in school?
10            THE DEFENDANT:  I got a -- I went through
11   high school and three years of college.
12            THE COURT:  I take it you can read, write
13   and understand English?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Are you currently being treated
16   by any medical or mental health professional for any
17   condition that could impact your ability to understand
18   what's happening here today?
19            THE DEFENDANT:  No.
20            THE COURT:  Are you taking any prescription
21   medication?
22            THE DEFENDANT:  Yes, I am.
23            THE COURT:  Could you tell me what you're
24   taking?
25            THE DEFENDANT:  Yes, I'm taking several
```

```
 1                    USA VS. R. MORGAN
 2  narcotics.  One of them is Oxycodone for approximately
 3  31 years; and I'm taking Fentanyl.  I'm wearing a
 4  Fentanyl patch.  And those are the two narcotics, and
 5  then I take Gabapentin for nerve pain.  And I take
 6  Metoprolol for a heart issue.
 7            THE COURT:  Other than the Metoprolol, are
 8  all of the other medications for pain management?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  And the pain that you need to
11  manage, is that at all interfering with your ability to
12  understand what's happening here in court?
13            THE DEFENDANT:  No.
14            THE COURT:  What about the medications that
15  you just described, including the one for the heart
16  condition, as well as the pain management medications,
17  are those at all interfering with your ability to
18  understand what's happening here in court?
19            THE DEFENDANT:  No, not at all.
20            THE COURT:  Did you take any of these
21  medications this morning?
22            THE DEFENDANT:  Yes.
23            THE COURT:  All of them or --
24            THE DEFENDANT:  Yes, that's correct.
25            THE COURT:  And is that normally when you
```

```
                         USA VS. R. MORGAN
```

09:14:41  2  take the medication?

09:14:42  3          THE DEFENDANT:  Yes.

09:14:44  4          THE COURT:  Now, are you under the influence

09:14:46  5  of any other drugs or any alcohol?

09:14:50  6          THE DEFENDANT:  No.

09:14:50  7          THE COURT:  As far as you're concerned, is

09:14:53  8  there any reason that you cannot understand what's

09:14:55  9  happening here in court today?

09:14:57  10          THE DEFENDANT:  No, there is no reason.

09:14:58  11          THE COURT:  Mr. Cohen, obviously, you've

09:14:59  12  been representing Mr. Morgan for some time now.  Are you

09:15:04  13  confident he is able to comprehend what's going on in

09:15:08  14  court today and the terms and conditions of this plea

09:15:11  15  agreement?

09:15:11  16          MR. KARASZEWSKI:  Yes, I am.

09:15:12  17          THE COURT:  Okay.  Thank you.  Mr. Morgan,

09:15:13  18  have you had an opportunity to talk to your attorneys

09:15:16  19  about the government's case against you, and by that I

09:15:18  20  mean the proof that the government would have if this

09:15:22  21  case went to trial?

09:15:22  22          THE DEFENDANT:  Yes, I did.

09:15:23  23          THE COURT:  And have you also talked with

09:15:25  24  your attorneys about what the likely result might be if

09:15:27  25  the case went to trial?

1                    USA VS. R. MORGAN

09:15:28   2            THE DEFENDANT:  Yes.

09:15:28   3            THE COURT:  Would it be fair to state that,

09:15:30   4   based on your discussions with your attorneys, you

09:15:32   5   believe entering into this plea agreement and pleading

09:15:35   6   guilty to this charge is in your best interest?

09:15:37   7            THE DEFENDANT:  Yes, it is.

09:15:38   8            THE COURT:  Now, have you gone over this

09:15:40   9   written plea agreement with your attorneys?

09:15:42  10            THE DEFENDANT:  Yes.

09:15:42  11            THE COURT:  To the extent that you had any

09:15:44  12   questions, were they able to answer them to your

09:15:46  13   satisfaction?

09:15:47  14            THE DEFENDANT:  Yes.

09:15:48  15            THE COURT:  Have you read the agreement

09:15:50  16   yourself?

09:15:50  17            THE DEFENDANT:  Yes, I have.

09:15:51  18            THE COURT:  And have you had enough time to

09:15:54  19   talk to your attorneys about this before coming in here

09:15:57  20   today?

09:15:57  21            THE DEFENDANT:  Yes, I have.

09:15:58  22            THE COURT:  Are you satisfied with their

09:16:00  23   advice and representation?

09:16:02  24            THE DEFENDANT:  Yes.

09:16:03  25            THE COURT:  What I'd like to do, Mr. Morgan,

```
                         USA VS. R. MORGAN
```

1

2   is go through some of the terms of the plea agreement

3   with you.  I'm not going to go through everything

4   because you've told me that you've read it and you've

5   gone over it with your attorneys.  But, if you have a

6   question about anything, whether I bring it up or not, I

7   want you to stop me and ask your question.  Okay?

8            THE DEFENDANT:  Okay, thank you.

9            THE COURT:  So what I would like to do is

10  direct your attention to the first paragraph of the plea

11  agreement.  Because, in there, among other things, it

12  talks about the potential penalties that can be imposed

13  for the crime that you're pleading guilty to.  The

14  potential maximum prison sentence is five years.  The

15  maximum fine is $250,000.  There is a $100 mandatory

16  special assessment.  And then the supervised release

17  term can be up to three years.  Do you understand that

18  those are the potential penalties?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Now, if you were to be placed on

21  supervised release, and I appreciate that there is an

22  agreement in here that no supervised release can be

23  imposed, and we'll talk about that in a moment, but if

24  you were to be placed on supervised release and you

25  violated the terms and conditions of that supervised

1          USA VS. R. MORGAN

09:17:11   2   release, then, as set forth in paragraph two, you could

09:17:14   3   go to prison for up to two years without getting any

09:17:17   4   credit for the time that you've already served on

09:17:19   5   supervised release.  Do you understand that?

09:17:21   6              THE DEFENDANT:  Yes, I do.

09:17:22   7              THE COURT:  All right.  Why don't you, if

09:17:25   8   you would, turn to paragraph five of the plea agreement?

09:17:37   9              THE DEFENDANT:  Yes, okay.

09:17:38   10             THE COURT:  Do you see the reference at the

09:17:39   11   end of paragraph five to the "Sentencing Reform Act of

09:17:42   12   1984"?

09:17:43   13             THE DEFENDANT:  Yes, I do.

09:17:44   14             THE COURT:  That is the federal law that I

09:17:45   15   have to follow when I sentence you.  And that federal

09:17:48   16   law requires me to consider a number of factors before I

09:17:51   17   impose a sentence.  I have to consider your background,

09:17:53   18   the nature and circumstances of the crime that you pled

09:17:56   19   guilty to.  But the very first step that I have to go

09:18:00   20   through is I have to figure out what the Sentencing

09:18:03   21   Guidelines would recommend for a sentence.  Have you

09:18:05   22   talked to your attorneys about the Sentencing

09:18:07   23   Guidelines?

09:18:07   24             THE DEFENDANT:  Yes, your Honor.

09:18:08   25             THE COURT:  The Sentencing Guidelines are

1        USA VS. R. MORGAN

09:18:11   2  advisory, they are not mandatory, but they require me to

09:18:14   3  determine two numbers:  One is called your offense

09:18:17   4  level; and one is called your criminal history category.

09:18:20   5  And then those two numbers recommend to me a range for a

09:18:22   6  sentence.  Do you understand that?

09:18:23   7            THE DEFENDANT:  Yes, I do.

09:18:25   8            THE COURT:  Now, before you're sentenced in

09:18:27   9  this case, you're going to be interviewed by the

09:18:29   10 Probation Department.  And they are going to prepare a

09:18:31   11 document called a Presentence Investigation Report that

09:18:35   12 will provide me a lot of information, including about

09:18:37   13 your background, the nature and circumstances of the

09:18:40   14 crime that you pled guilty to.  But it also will contain

09:18:43   15 the Probation Department's calculations as to what the

09:18:46   16 correct offense level and criminal history category are

09:18:50   17 under the Sentencing Guidelines.  Do you understand

09:18:51   18 that?

09:18:51   19            THE DEFENDANT:  Yes, your Honor.

09:18:53   20            THE COURT:  It's then my job, as the

09:18:55   21 sentencing judge, to carefully review that document as

09:18:58   22 well as all other materials that I receive in connection

09:19:00   23 with sentencing, and then sentence you to what I believe

09:19:03   24 is just, fair, appropriate and reasonable under the law.

09:19:07   25 Do you understand that?

1              USA VS. R. MORGAN

2         THE DEFENDANT:  Yes, I do, your Honor.

3         THE COURT:  Now, you and the government have

4 entered into an agreement, at least in part, on what you

5 believe the correct calculations are under the

6 Sentencing Guidelines.  So, in paragraph six, you and

7 the government agree that there is a base offense level,

8 that should be apply here of 6.  Do you understand that?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Now, in paragraph 7, the

11 government is setting forth what it believes are various

12 increases that should occur with the offense level.

13 Specifically, the government is contending that the loss

14 amount, total loss, including relevant conduct, was in

15 excess of 9.5 million dollars, and, therefore, there

16 should be a 20-level offense increase, or 20 -- your

17 offense level should increase by 20.  And then the

18 government is also contending that the offense involved

19 more than 10 victims, and, therefore, the offense level

20 should go up by 2; that is, the offense involved what

21 are called sophisticated means, and, therefore, the

22 offense level should up by two.  And that you derived

23 more than 1 million dollars in gross receipts from one

24 or more financial institutions and that the offense

25 level should go up by two.  But you're not agreeing to

1                    USA VS. R. MORGAN

09:20:30   2   those calculations in this plea agreement.  You're

09:20:32   3   reserving your right that some or all of those increases

09:20:35   4   do not apply.  Do you understand that?

09:20:36   5             THE DEFENDANT:  Yes.

09:20:37   6             THE COURT:  And then in paragraph 8, the

09:20:40   7   government is indicating it's position that the offense

09:20:42   8   level should go up by four because you were an organizer

09:20:46   9   or leader of criminal activity that involved five or

09:20:49   10  more participants or was otherwise extensive, but,

09:20:53   11  again, you're reserving your right to argue to me at the

09:20:57   12  time of sentencing that that increase does not apply.

09:21:00   13  Do you understand that?

09:21:01   14            THE DEFENDANT:  Yes.

09:21:02   15            THE COURT:  So in paragraph nine, it

09:21:04   16  indicates what the offense level would be or the

09:21:07   17  adjusted offense level would be.  If the government's

09:21:11   18  position is correct, it would be 36.  But, you maintain

09:21:15   19  that the adjusted offense level is a 6, the base offense

09:21:19   20  level that we start out with.  Do you understand that?

09:21:22   21            THE DEFENDANT:  Yes, I do.

09:21:23   22            THE COURT:  And then in paragraph 10, it

09:21:25   23  talks about a reduction in the offense level for

09:21:29   24  acceptance of responsibility.  I'll need to determine at

09:21:32   25  the time of sentencing whether or not you should receive

                    USA VS. R. MORGAN

09:21:35  2   the reduction for acceptance for responsibility.  You

09:21:41  3   don't automatically get it just by pleading guilty.  If,

09:21:44  4   in fact, you are entitled to a reduction for

09:21:48  5   responsibility, you and the government are both agreeing

09:21:50  6   that you should get that reduction.  It depends on what

09:21:53  7   the offense level is, though, in terms of how much of a

09:21:57  8   reduction you would get.  If your offense level is only

09:22:02  9   a six, then the -- you would only get a two-level

09:22:12  10  decrease.  But if the offense level is what the

09:22:15  11  government contends 36, or the adjusted offense level,

09:22:19  12  you would get a three-level decrease.  Do you understand

09:22:21  13  that?

09:22:21  14            THE DEFENDANT:  Yes, I do.

09:22:22  15            THE COURT:  Now, you both you and the

09:22:26  16  government agree in paragraph 11, that the other number

09:22:30  17  that I have to calculate the criminal history category

09:22:32  18  that that is a category I.  That is the lowest level

09:22:35  19  that you can have.  Do you understand that?

09:22:37  20            THE DEFENDANT:  Yes.

09:22:38  21            THE COURT:  So, if you look at paragraph 12

09:22:41  22  A, this sets forth what the Sentencing Guidelines would

09:22:45  23  recommend for a sentence if the government's

09:22:48  24  calculations are correct.  With a total offense level of

09:22:52  25  33, a criminal history category of I, and taking into

```
                              USA VS. R. MORGAN
09:22:56   account the statutory maximum penalty, the Sentencing
09:23:01   Guidelines would recommend a prison sentence of 60
09:23:04   months or five years, a fine of $30,000 up to $250,000,
09:23:09   and a supervised release term of one to three years.  Do
09:23:12   you understand that?
09:23:12              THE DEFENDANT:  Yes, I do.
09:23:17              THE COURT:  Now, if your numbers are
09:23:18   correct, and this is in 12 B, with an offense level of
09:23:22   4, and criminal history category of I, the Sentencing
09:23:25   Guidelines would recommend a prison sentence of zero to
09:23:27   six months, a fine of $500 up to $9,500, and a
09:23:33   supervised release term of one year.  Do you understand
09:23:34   that?
09:23:35              THE DEFENDANT:  Yes, I do.
09:23:37              THE COURT:  Now, I want to direct your
09:23:38   attention to paragraph 13.  Because in this paragraph,
09:23:43   you and the government are asking me, at the time of
09:23:45   sentencing, to not impose a sentence of incarceration or
09:23:49   supervised release.  And, first of all, do you
09:23:53   understand that?
09:23:53              THE DEFENDANT:  Yes.
09:23:54              THE COURT:  Now, I'm not going to decide
09:23:57   right now whether or not I'll go along with this, I need
09:24:01   to look at, among other things, the Presentence
```

USA VS. R. MORGAN

09:24:04  Investigation Report.  But the way it works is if at the
09:24:07  time of sentencing, I tell you, no, I won't go along
09:24:10  with this, and tell the government that, then at that
09:24:14  point, you would have the opportunity to withdraw your
09:24:17  plea.  Do you understand that?

09:24:18          THE DEFENDANT:  Yes, I do.

09:24:19          THE COURT:  But if I do accept this, if I
09:24:22  tell you at the time of sentencing, I will not impose an
09:24:27  incarceration sentence or a supervised release sentence,
09:24:30  then you can't withdraw your guilty plea.  Do you
09:24:32  understand that?

09:24:32          THE DEFENDANT:  Yes.

09:24:34          THE COURT:  Let me just ask the attorneys --
09:24:39  well, let me first read the last sentence of paragraph
09:24:43  13.  It says, "This agreement does not affect the amount
09:24:46  of a fine, the amount of restitution, or the length and
09:24:50  conditions of a term of probation that may be imposed by
09:24:52  the Court at sentencing."  So, I want to make sure the
09:24:57  record is clear, in terms of probation, I can impose up
09:25:03  to five years of probation for the violation.  Does
09:25:09  everybody agree with that?

09:25:10          MR. GLABERSON:  That's correct.

09:25:11          MR. COHEN:  Yes, your Honor.

09:25:12          THE COURT:  And depending on what the

1           USA VS. R. MORGAN

09:25:14    2    offense level is, would impact what the Guidelines would

09:25:17    3    recommend.  If Mr. Morgan's numbers that are in here are

09:25:20    4    correct, then I think the Sentencing Guidelines would

09:25:23    5    recommend no more than three years of probation.  But if

09:25:29    6    the government's calculations are correct, the

09:25:32    7    Sentencing Guidelines would recommend at least one year

09:25:34    8    and no more than five years of probation.  Does

09:25:38    9    everybody agree with that?

09:25:39    10              MR. GLABERSON:  Yes.

09:25:40    11              MR. KARASZEWSKI:  Yes.

09:25:44    12              THE COURT:  But, so I can impose a

09:25:47    13    probationary sentence, and that would be consistent with

09:25:50    14    the 11(c)(1)(C) agreement.  But, as I understand it, Mr.

09:25:56    15    Morgan would be reserving his right to appeal that

09:25:58    16    sentence.  Is that a fair statement?

09:26:06    17              MR. KARASZEWSKI:  Yes.

09:26:06    18              THE COURT:  I want to hear what the

09:26:08    19    attorneys have to say.  Mr. Glaberson is looking at the

09:26:12    20    gallery.

09:26:13    21              MR. GLABERSON:  I believe the appellate

09:26:15    22    waiver would cover a probationary sentence and that it

09:26:19    23    would be within or less than what the Guidelines

09:26:21    24    recommend, which would be a term of incarceration.

09:26:26    25              THE COURT:  Mr. Cohen, what is your position

```
                        USA VS. R. MORGAN
```

1     USA VS. R. MORGAN

09:26:28  2   on that?

09:26:29  3         MR. COHEN:  Looking at the waiver, the

09:26:30  4   appeal waiver language as well, your Honor, before I

09:26:34  5   answer.

09:26:43  6         THE COURT:  And let me say, I'm reading

09:26:44  7   this, obviously, Mr. Cohen can advocate for his client

09:26:48  8   on his own, I mean, the appellate waiver says that it

09:26:51  9   applies to a sentence imposed by the Court which falls

09:26:54  10   within or is less than the sentencing range for

09:26:56  11   imprisonment, a fine, and supervised release set forth

09:26:59  12   in paragraph 12 A.  So it doesn't address probation.  If

09:27:07  13   you want to talk to Mr. Karaszewski, Mr. Glaberson, feel

09:27:10  14   free, as opposed to mouthing.

09:27:14  15         MR. COHEN:  That's the way I read it as

09:27:17  16   well, your Honor.

09:27:42  17         MR. GLABERSON:  Judge, the government's

09:27:44  18   position is, when it says "falls within or is less than

09:27:47  19   the sentencing range of imprisonment, fine or supervised

09:27:52  20   release set forth above," a sentence of probation would

09:27:54  21   be within or less than either the imprisonment or

09:27:58  22   supervised release terms, that it's a, essentially, a

09:28:04  23   lesser sentence than a term of imprisonment is a

09:28:06  24   sentence of probation.

09:28:10  25         THE COURT:  What is the defense position on

USA VS. R. MORGAN

that?  I mean, I think we need to have some
understanding as to what the appellate waiver is before
Mr. Morgan goes forward with any plea.

MR. COHEN:  Your Honor, I think probation is
different from -- it is, we all know, from supervised
release, I read the terms of the agreement, it does
allow the appeal rights that your Honor had earlier
enumerated, depending on the sentence of probation,
which differs from supervised release.  So I think that
is the way the agreement reads.  As your Honor had
earlier, I think, as your Honor had interpreted it.

THE COURT:  I mean, I'm not sure why the
government believes that a sentence of time served with,
let's say, one year of supervised release to follow
would be a lesser sentence than a sentence of five years
probation.  Whereas, you know, if you violate probation,
you're then looking at the potential maximum penalties
that you were originally facing as originally charged as
opposed to lesser penalties for a violation of
supervised release.

MR. GLABERSON:  I guess, to the extent it
would come up, were any appeal sought, the government's
position would be that by waiving his right to appeal a
six-month prison sentence, that necessarily implies that

```
                           USA VS. R. MORGAN
```

09:30:11  2   he would also waive a lesser sentence, a sentence of

09:30:16  3   probation.

09:30:16  4              THE COURT:  But the defense disagrees with

09:30:18  5   that, and before we go forward with a plea and I ask Mr.

09:30:22  6   Morgan questions about him knowingly waiving certain

09:30:27  7   rights to appeal, I want to make sure everybody is on

09:30:29  8   the same page.  And it doesn't sound as though that is

09:30:32  9   the case right now.  So maybe we could take a break and

09:30:37  10  counsel could discuss this and see if you can come to an

09:30:42  11  agreement.

09:30:43  12             MR. GLABERSON:  Yes.

09:30:44  13             THE COURT:  Okay.  All right.

09:31:01  14             (Whereupon, there was a break in the

09:31:01  15  proceeding.)

10:18:07  16             THE COURT:  All right.  We are back on the

10:18:08  17  record with Mr. Glaberson, Mr. Karaszewski, Mr. Cohen,

10:18:12  18  Mr. Sun, Ms. Denerstein, Mr. Morgan.  We took a break

10:18:17  19  when I had raised a question about the scope of the

10:18:20  20  appellate waiver.  So, has there been any resolution?

10:18:25  21             MR. KARASZEWSKI:  Judge, if you permit me to

10:18:27  22  speak.

10:18:27  23             THE COURT:  Yes, I'll permit you to speak,

10:18:29  24  Mr. Karaszewski.

10:18:30  25             MS. KARASZEWSKI:  Thank you, your Honor.

1                    USA VS. R. MORGAN

10:18:31   2   So, maybe we can resolve it this way.  We've had -- I've

10:18:36   3   discussed with defense counsel and Mr. Glaberson, and I

10:18:41   4   have discussed with the defense counsel, that the

10:18:44   5   government -- the government reads the appellate waiver,

10:18:48   6   paragraph 30, of the plea agreement, that a sentence of

10:18:52   7   probation would be any component of a sentence which

10:18:58   8   falls within or is less than the sentencing range for

10:19:03   9   imprisonment set forth in paragraph 12 A, which is, that

10:19:07  10   sentencing range for imprisonment is 60 months.  So,

10:19:11  11   it's a sentence of probation, by any measure, is a

10:19:18  12   sentence that is less than 60 months imprisonment.

10:19:25  13   Understanding, Judge, that the appellate -- neither the

10:19:30  14   appellate waiver nor paragraph 12 A, says anything about

10:19:34  15   probation.  And I'm -- my understanding is of defense

10:19:40  16   counsel, they can obviously speak for themselves, is

10:19:44  17   that it doesn't say anything about probation, so that if

10:19:47  18   your Honor imposes a sentence of probation, they would

10:19:49  19   be able to file a Notice of Appeal and argue an appeal

10:19:53  20   consistent with the appellate waiver.

10:19:56  21           Now, that, obviously, would be a matter for

10:20:00  22   the Second Circuit to determine whether or not Mr.

10:20:06  23   Morgan has waived his right to appeal a sentence of

10:20:09  24   probation.  I would propose, Judge, that we can proceed

10:20:14  25   today with the understanding that if Mr. Morgan were to

USA VS. R. MORGAN

10:20:23  2  appeal a sentence of probation, that we would retain our

10:20:29  3  right to attempt to enforce the waiver.  I think that is

10:20:34  4  sufficiently -- it sufficiently advises Mr. Morgan of

10:20:41  5  his rights with regard to that, that that is the

10:20:49  6  government's position, that if we were to leave it at

10:20:51  7  that, that that would not affect the knowing and

10:20:54  8  voluntary entering of the plea here.

10:20:57  9      THE COURT:  The only, I guess, well, not the

10:21:00  10  only, but an issue with that, and I'll let Mr. Cohen

10:21:04  11  advise us as to the defense position, the issue I see

10:21:08  12  with that is that typically when I take a plea, and I

10:21:11  13  address the appellate waiver, I very clearly go through

10:21:15  14  with the defendant what he is waiving.  And, here, I

10:21:20  15  would not be having Mr. Morgan, on the record, concede

10:21:24  16  that he is waiving the right to appeal a probationary

10:21:28  17  sentence.  So, I don't know how it realistically can be

10:21:35  18  argued that he waives a probationary sentence if I don't

10:21:40  19  have the colloquy with him about that.

10:21:45  20      MS. KARASZEWSKI:  I understand that, Judge.

10:21:47  21  I will say that this has never come up before.

10:21:51  22      THE COURT:  Well, it came up last week to

10:21:53  23  some degree.

10:21:54  24      MS. KARASZEWSKI:  I understand that, Judge.

10:21:55  25      THE COURT:  The difference last week is that

1          USA VS. R. MORGAN

10:21:58   2   there wasn't this language of the 11(c)(1)(C) with no

10:22:01   3   supervised release.  So, I think --

10:22:04   4          MS. KARASZEWSKI:  I'm sorry, Judge.

10:22:05   5          THE COURT:  I think everybody agreed last

10:22:08   6   week, but it was a little up in the air, but I think

10:22:13   7   that, my recollection is, there was a general consensus

10:22:18   8   that a probationary term that fit within the time frame

10:22:22   9   of the supervised release term that was set forth in the

10:22:27   10  plea agreements last week would be consistent with the

10:22:31   11  terms of the plea agreement.  But the difference was

10:22:33   12  that there wasn't an 11(c)(1)(C) agreement for no

10:22:37   13  supervised release.  I think that is what complicates

10:22:43   14  this.

10:22:43   15         MS. KARASZEWSKI:  I understand that, Judge.

10:22:44   16  And let me amend what I said.  This hasn't come up in

10:22:48   17  any other case that I've ever handled.  I mean, just

10:22:52   18  because, I think, the position has always been, and the

10:22:55   19  understanding has always been, that a sentence of

10:22:57   20  probation is a component of a sentence that is less than

10:23:01   21  a term of imprisonment.  I don't think that is an

10:23:06   22  illogical way of looking at it.  I guess what -- you're

10:23:15   23  right, Judge, that we don't have a term of -- the

10:23:23   24  (c)(1)(C) allows Mr. Morgan to withdraw his plea if the

10:23:29   25  Court were to determine that he should be sentenced to a

1                   USA VS. R. MORGAN

10:23:31   2   term of probation and a term of supervised release.

10:23:33   3                   THE COURT:  Not probation.

10:23:34   4                   MS. KARASZEWSKI:  I'm sorry, a term of

10:23:36   5   imprisonment and supervised release.  Thank you, Judge.

10:23:41   6   But, so you don't have kind of that overlay of the

10:23:45   7   supervised release to kind of determine what the waiver

10:23:47   8   is.

10:23:48   9                   THE COURT:  Right.  I think, if, at the time

10:23:50   10  of sentencing, I say I'm going to accept the plea

10:23:52   11  agreement and impose -- let me rephrase it.  If at the

10:23:55   12  time of sentencing I say, I'm going to impose a

10:23:58   13  time-served sentence and two years supervised release, I

10:24:02   14  can't do that under the 11(c)(1)(C).  I wouldn't be

10:24:05   15  accepting the plea agreement.  Mr. Morgan would have the

10:24:10   16  right to withdraw his plea.  But if I say, at the time

10:24:14   17  of sentencing, I'm going to impose a two-year

10:24:19   18  probationary sentence, that is consistent with the

10:24:21   19  11(c)(1)(C), I guess, I'm reading this, my initial read,

10:24:25   20  I understand what you're saying, that probation is less

10:24:27   21  than a five-year prison sentence, obviously, but I think

10:24:32   22  what complicates this is the no supervised release term.

10:24:35   23  So I think there would be an argument, at least, that

10:24:39   24  Mr. Morgan could appeal a two-year probationary

10:24:42   25  sentence.

1                    USA VS. R. MORGAN

10:24:42   2          I guess, Mr. Cohen or Ms. Denerstein, what

10:24:48   3   is the defense position on this?

10:24:51   4          MS. DENERSTEIN:  We agree with the Court.

10:24:52   5   That should your Honor impose a sentence of probation,

10:24:55   6   that Mr. Morgan would not have waived his right to

10:24:59   7   appeal.  We are prepared to permit the government to

10:25:02   8   argue that what we would suggest a strained reading of

10:25:09   9   paragraph 30 provide such a waiver, and we would oppose,

10:25:14   10   but if you were to ask Mr. Morgan if he were waiving his

10:25:18   11   right to a term of probation, he would answer no.  So,

10:25:21   12   we're willing to proceed with that understanding.

10:25:23   13          MS. KARASZEWSKI:  And that would be a

10:25:24   14   matter, if it came to that, Judge, we would argue that

10:25:27   15   before the Second Circuit and we would have them decide.

10:25:30   16          THE COURT:  Right.  But, just so there is

10:25:32   17   the understanding, I'm not going to be -- I'll ask Mr.

10:25:35   18   Morgan the questions, but I'm anticipating the answers

10:25:38   19   are going to be that he is not willing to waive a

10:25:42   20   probationary sentence.

10:25:44   21          MS. KARASZEWSKI:  Yes.  And if that is the

10:25:46   22   end result of today's proceeding, certainly if this ever

10:25:49   23   gets to the Second Circuit, the record will be made of

10:25:53   24   his understanding of the waiver, and we would proceed

10:25:56   25   accordingly, Judge.

1                      USA VS. R. MORGAN

10:25:57   2          THE COURT:  Okay.  So with that, Ms.

10:25:59   3   Denerstein, defense is ready to proceed?

10:26:03   4          MS. DENERSTEIN:  Yes, your Honor, we are.

10:26:03   5          THE COURT:  Okay.  And, Mr. Glaberson, the

10:26:06   6   government is ready to proceed?

10:26:07   7          MR. GLABERSON:  Yes, your Honor.

10:26:07   8          THE COURT:  Okay.  Mr. Morgan, I'm going to

10:26:10   9   remind you, you are still under oath.  And before we got

10:26:14  10   sidetracked, I was talking to you about the 11(c)(1)(C)

10:26:17  11   agreement.  So let me make sure the record is clear.

10:26:20  12   You and the government are asking me, at the time of

10:26:23  13   sentencing, to impose a no incarceration and no

10:26:26  14   supervised release sentence.  And if I go along with

10:26:30  15   that, you cannot withdraw your guilty plea.  Do you

10:26:33  16   understand that?

10:26:33  17          THE DEFENDANT:  Yes.

10:26:34  18          THE COURT:  In addition, you're agreeing

10:26:36  19   that that 11(c)(1)(C) agreement does not affect the

10:26:41  20   amount of a fine, the amount of restitution, or the

10:26:45  21   length and conditions of a term of probation that may be

10:26:48  22   imposed by the Court.  In other words, I can impose a

10:26:52  23   fine up to the maximum amount allowed under the law,

10:26:56  24   which is $250,000, I can impose restitution, and I can

10:27:02  25   impose a probationary sentence, and that would not allow

                              USA VS. R. MORGAN

10:27:06  2   you to withdraw from the guilty plea.  Do you understand

10:27:09  3   that?

10:27:09  4                THE DEFENDANT:  Yes, I do.

10:27:11  5                THE COURT:  But let me talk to you about the

10:27:14  6   appellate waiver.  And this is in paragraph 30 of the

10:27:26  7   plea agreement.  You tell me when you have it there in

10:27:34  8   front of you.

10:27:36  9                THE DEFENDANT:  Yes, I'm here.  Thank you.

10:27:37  10                THE COURT:  So, paragraph 30 states that

10:27:39  11   you're agreeing to waive your right to appeal or

10:27:42  12   collaterally attack any component of a sentence imposed

10:27:46  13   by the Court which falls within or is less than the

10:27:49  14   sentencing range for imprisonment, a fine, and

10:27:52  15   supervised release set forth in paragraph 12 A.  Do you

10:27:55  16   understand that?

10:27:55  17                THE DEFENDANT:  Yes, I do, your Honor.

10:27:57  18                THE COURT:  And you've talked to your

10:27:58  19   attorneys about that?

10:28:00  20                THE DEFENDANT:  Yes.

10:28:00  21                THE COURT:  And you've heard the discussions

10:28:02  22   that have gone on in court today about this appellate

10:28:06  23   waiver?

10:28:06  24                THE DEFENDANT:  Yes.

10:28:07  25                THE COURT:  Now, you understand that if you

1           USA VS. R. MORGAN

10:28:09    2    were to go to trial and you were convicted by a jury and

10:28:12    3    then I sentenced you, you would have the right to appeal

10:28:15    4    that conviction and any sentence that is imposed to the

10:28:18    5    court above me.  It's called the Second Circuit Court of

10:28:22    6    Appeals.  Do you understand that?

10:28:22    7           THE DEFENDANT:  Yes, I do.

10:28:23    8           THE COURT:  You also would have some limited

10:28:25    9    rights to what they call "collaterally attack" that

10:28:28   10    conviction and any sentence that is imposed by bringing

10:28:30   11    a proceeding before the Court where you were convicted,

10:28:33   12    such as a habeas corpus proceeding.  Do you understand

10:28:36   13    that?

10:28:36   14           THE DEFENDANT:  Yes.

10:28:37   15           THE COURT:  But you're agreeing, pursuant to

10:28:39   16    the terms and conditions of this plea agreement, that if

10:28:42   17    I sentence you within or less than a prison sentence of

10:28:46   18    five years, a fine of $30,000 up to $250,000, and a

10:28:54   19    supervised release term of one to three years, you're

10:28:57   20    waiving any right to appeal or collaterally attack that

10:28:59   21    sentence.  Do you understand that?

10:29:00   22           THE DEFENDANT:  Yes, your Honor.

10:29:02   23           THE COURT:  Now, there is a disagreement

10:29:04   24    between you and the government as to whether or not that

10:29:06   25    appellate waiver applies to a probationary sentence that

1               USA VS. R. MORGAN

10:29:10   2   is imposed.  And it's my understanding that you're not

10:29:13   3   waiving the right to appeal a probationary sentence.  Is

10:29:18   4   that correct?

10:29:18   5             THE DEFENDANT:  That's correct.

10:29:19   6             THE COURT:  Do you have any questions for me

10:29:20   7   or your attorneys about anything that we've covered up

10:29:23   8   to this point?

10:29:24   9             THE DEFENDANT:  No, I don't.

10:29:25   10            THE COURT:  All right.  Let me talk to you

10:29:28   11  about paragraph 18 of the plea agreement.

10:29:41   12            THE DEFENDANT:  Okay.

10:29:42   13            THE COURT:  So you're agreeing, based on the

10:29:44   14  government's agreement to dismiss the charges in the

10:29:51   15  pending indictment in this case, that you're going to

10:29:57   16  waive any statute of limitations defense to the charge

10:30:00   17  that is in the Superseding Information.  In other words,

10:30:03   18  you're not objecting to, on timeliness grounds, to the

10:30:08   19  Superseding Information being filed.  Do you understand

10:30:09   20  that?

10:30:09   21            THE DEFENDANT:  Yes, I do.

10:30:11   22            THE COURT:  And then let me talk to you

10:30:13   23  about in paragraph 21 of the plea agreement.  You're

10:30:22   24  acknowledging that you're aware of investigations,

10:30:29   25  criminal investigations, by the U.S. Department of

                            1                    USA VS. R. MORGAN

10:30:36    2    Justice Criminal Division, Fraud Section, and it's your

10:30:38    3    understanding, as well as the government's, that upon

10:30:41    4    your entry of a guilt plea, the fraud section will

10:30:45    5    further decline to investigate or prosecute you in

10:30:48    6    connection with those investigations.  Do you understand

10:30:50    7    that?

10:30:50    8                    THE DEFENDANT:  Yes, I do.

10:30:51    9                    THE COURT:  Let me talk to you about the

10:30:54   10    restitution provisions.  In paragraph 23, you're

10:30:59   11    acknowledging that I may require restitution as part of

10:31:03   12    any sentence that is imposed in this case, and that you

10:31:06   13    cannot withdraw your guilty plea because of that.  But

10:31:11   14    you're also, and the government is also, acknowledging

10:31:14   15    that the loan to ESL Federal Credit Union referenced in

10:31:26   16    the factual basis of the plea agreement, which we'll get

10:31:30   17    to in a minute, has been repaid in full and there is no

10:31:34   18    restitution due.  Do you understand that?

10:31:35   19                    THE DEFENDANT:  Yes, I do.

10:31:36   20                    THE COURT:  And now any monetary -- let me

10:31:39   21    talk to you about paragraph 25.  Any monetary penalties

10:31:42   22    that are imposed at the time of sentencing, you're

10:31:47   23    acknowledging that those are due and payable in full

10:31:51   24    immediately and may be subject to immediate enforcement

10:31:56   25    and subject to an offset in the event that there is any

```
                            USA VS. R. MORGAN
10:32:01   returned property.  Do you understand that?
10:32:03           THE DEFENDANT:  Yes.
10:32:06           THE COURT:  And then in paragraph 26, you're
10:32:08   agreeing to deposit the maximum potential fine, which is
10:32:14   $250,000, into a third-party escrow account, mutually
10:32:18   agreed upon with the government, at least 10 days prior
10:32:21   to sentencing, and you're reserving your right to
10:32:23   advocate for a fine under the statutory maximum.  Do you
10:32:28   understand that?
10:32:28           THE DEFENDANT:  Yes, I do.
10:32:31           THE COURT:  Let me talk to you about the
10:32:32   forfeiture provisions.  As you know, there are, or have
10:32:37   been, one civil forfeiture case pending right now, there
10:32:41   have been several civil forfeiture cases commenced in
10:32:44   connection with this matter, and part of this plea
10:32:53   agreement involves you and the government agreeing to
10:32:55   execute a civil settlement and forfeiture agreement that
10:33:01   has been negotiated for those civil forfeiture matters.
10:33:06   And the agreement is that if I do not go along with
10:33:11   this, if I don't so order this settlement and forfeiture
10:33:14   agreement, you're retaining your right to withdraw, as
10:33:18   is the government, retaining its right to withdraw, from
10:33:22   the plea agreement.  Do you understand that?
10:33:23           THE DEFENDANT:  Yes, I do, your Honor.
```

1                    USA VS. R. MORGAN

10:33:24   2           THE COURT:  And you're also agreeing to

10:33:26   3    execute any other documents reasonably necessary to

10:33:29   4    resolve the civil litigation in accordance with the

10:33:32   5    settlement and forfeiture agreement.  Do you understand

10:33:34   6    that?

10:33:34   7           THE DEFENDANT:  Yes.

10:33:38   8           THE COURT:  Why don't we turn to section 10

10:33:40   9    of the agreement?

10:33:49   10          MR. COHEN:  Roman Numeral X, your Honor?

10:33:51   11          THE COURT:  Starts with paragraph 33.  Do

10:33:59   12   you have that there in front of you?

10:34:01   13          THE DEFENDANT:  Yes, I do.

10:34:02   14          THE COURT:  So paragraph 33 includes your

10:34:04   15   agreement not to bring a motion for attorney fees and

10:34:08   16   other litigation expenses under the Hyde Amendment on

10:34:11   17   the ground that the position of the United States was

10:34:15   18   vexatious, frivolous or in bad faith with respect to the

10:34:18   19   counts of conviction or any other count or charge that

10:34:22   20   has been dismissed or which may be dismissed in the 2018

10:34:29   21   indictment, the related civil forfeiture actions, or

10:34:32   22   pursuant to this agreement.  Do you understand that?

10:34:35   23          THE DEFENDANT:  Yes, I do.

10:34:35   24          THE COURT:  You're also acknowledging that

10:34:37   25   you are not a "prevailing party" within the meaning of

1                   USA VS. R. MORGAN

10:34:43   2   the Hyde Amendment as to those various matters.  Do you

10:34:46   3   understand that?

10:34:46   4              THE DEFENDANT:  Yes, I do.

10:34:47   5              THE COURT:  And you're waiving your right to

10:34:48   6   seek any attorney fees or other litigations under that

10:34:51   7   statute.  Do you understand that?

10:34:52   8              THE DEFENDANT:  Yes.

10:34:54   9              THE COURT:  And then, in addition, you're

10:34:56   10  agreeing to withdraw the pending motion for

10:34:59   11  reconsideration that was filed in connection with the

10:35:02   12  2018 indictment, and not re-file it or renew it, unless,

10:35:08   13  for some reason, the plea agreement is not accepted or

10:35:16   14  your plea is not accepted pursuant to the various

10:35:19   15  provisions that are in paragraph 34(a).  In other words,

10:35:23   16  there are various options by which there is a potential,

10:35:26   17  at least, that the plea agreement would not be accepted

10:35:29   18  or you'd be able to withdraw your guilty plea or

10:35:32   19  withdraw from the plea agreement.  In the event that

10:35:35   20  occurs, you would be able to renew your motion for

10:35:41   21  reconsideration.  But, if it doesn't occur, that is the

10:35:44   22  end of the story, at least, in terms of your motion for

10:35:48   23  reconsideration.  Do you understand that?

10:35:48   24             THE DEFENDANT:  Yes, I do.

10:35:57   25             THE COURT:  All right.  Let me talk to you,

1                 USA VS. R. MORGAN

10:36:00 2   Mr. Morgan, about what it means to waive indictment,

10:36:02 3   because the Superseding Information contains a felony

10:36:05 4   charge that is different than what you're currently

10:36:08 5   charged with.  In order for you to be charged with this

10:36:11 6   crime, normally the case would have to be presented to a

10:36:15 7   grand jury and the grand jury could vote to charge you

10:36:17 8   with the crime that you're going to be pleading guilty

10:36:19 9   to or the grand jury could vote to dismiss the charge

10:36:21 10   against you.  In order to have -- well, waive

10:36:26 11   presentation of the case to a grand jury, you need to

10:36:30 12   agree to be charged by a Superseding Information as

10:36:33 13   opposed to an indictment.  And to do that, you need to

10:36:37 14   waive presentation of the case to a grand jury.  Do you

10:36:40 15   understand that?

10:36:40 16           THE DEFENDANT:  Yes, I do.

10:36:41 17           THE COURT:  And have you talked to your

10:36:43 18   attorneys about that?

10:36:44 19           THE DEFENDANT:  Yes.

10:36:44 20           THE COURT:  In order to waive indictment,

10:36:46 21   you need to sign the Waiver of Indictment form, but when

10:36:48 22   you do that, you're telling me in writing that you fully

10:36:51 23   understand your right to have the case presented to a

10:36:53 24   grand jury and you're agreeing to be charged by the

10:36:57 25   Superseding Information.  Do you understand that?

1                    USA VS. R. MORGAN

10:36:58    2            THE DEFENDANT:  Yes.

10:36:58    3            THE COURT:  All right.  Then I ask you to

10:37:00    4   sign the Waiver of Indictment form now.  Thank you.  And

10:37:04    5   then once it's signed, you can hand it up along with --

10:37:08    6   I don't think I have the information.  Do you have the

10:37:10    7   original information, Mr. Glaberson?

10:37:12    8            MR. GLABERSON:  It's on counsel table with

10:37:13    9   the waiver.

10:38:14   10            THE COURT:  Okay.  All right.  The record

10:38:15   11   should reflect, I have the original Waiver of Indictment

10:38:17   12   form as well as two copies signed by Mr. Morgan and Mr.

10:38:21   13   Cohen.  I do find, Mr. Morgan, based on your answers to

10:38:25   14   my questions and based on your demeanor here in court

10:38:27   15   today and based on you signing this Waiver of Indictment

10:38:29   16   form, that you are waiving indictment in a knowing,

10:38:32   17   voluntary and intelligent manner.  So, I will sign the

10:38:36   18   form and we will arrange for it to be filed in our

10:38:39   19   clerk's office.  So, what that means is that you're now

10:38:42   20   accused by way of a Superseding Information signed by

10:38:46   21   Mr. Glaberson on behalf of the United States Attorney

10:38:49   22   with one count of conspiracy to commit wire fraud in

10:38:54   23   violation of Title 18 U.S.C. Section 371.

10:39:00   24            Mr. Cohen, do you have a copy of the

10:39:03   25   Information?

1               USA VS. R. MORGAN

10:39:03   2          MR. COHEN:  I do, your Honor.

10:39:04   3          THE COURT:  Do you waive a full reading?

10:39:06   4          MR. COHEN:  Yes.

10:39:06   5          THE COURT:  Mr. Morgan, I'm going to enter a

10:39:08   6   preliminary plea of not guilty on your behalf because,

10:39:10   7   before I ask you whether or not you want to plead

10:39:13   8   guilty, I still need to go over some other matters with

10:39:16   9   you.  I want to talk to you now about the rights that

10:39:19   10  you're going to be giving up by pleading guilty as

10:39:21   11  opposed to going to trial.

10:39:22   12          First of all, do you understand that you do

10:39:24   13  not need to plead guilty to anything.  If you wanted to,

10:39:27   14  you could continue with the not guilty pleas that have

10:39:31   15  been entered on your behalf in this case and go to a

10:39:33   16  trial in front of a jury.  Do you understand that?

10:39:35   17          THE DEFENDANT:  Yes, I do.

10:39:36   18          THE COURT:  And, at that trial, as well as

10:39:39   19  at all critical stages of this proceeding, you would

10:39:42   20  have the right to representation by counsel.  If you

10:39:45   21  could no longer afford an attorney, you would have the

10:39:48   22  right to have an attorney appointed to represent you.

10:39:50   23  Do you understand that?

10:39:51   24          THE DEFENDANT:  Yes.

10:39:51   25          THE COURT:  It would be up to the government

1        USA VS. R. MORGAN

10:39:52   2   at the trial to prove its case against you.  You would

10:39:56   3   not have the burden to prove anything.  In other words,

10:39:59   4   the government would be the only party that would have

10:40:01   5   the obligation to put in proof, present evidence,

10:40:04   6   present proof.  Do you understand that?

10:40:08   7            THE DEFENDANT:  Yes, I do.

10:40:08   8            THE COURT:  Your attorneys, on your behalf,

10:40:10   9   could challenge any of the evidence that the government

10:40:12  10   sought to introduce, and they could confront and cross

10:40:15  11   examine any of the witnesses who testified.  Do you

10:40:17  12   understand that?

10:40:17  13            THE DEFENDANT:  Yes, I do.

10:40:18  14            THE COURT:  You'd have the right, if you

10:40:20  15   wanted to, to testify on your own behalf or you could

10:40:22  16   chose not to do that.  Do you understand that?

10:40:26  17            THE DEFENDANT:  Yes, I do.

10:40:27  18            THE COURT:  You could also put in a defense

10:40:28  19   case.  You could call witnesses, compel them to attend

10:40:34  20   the trial, put in evidentiary proof, or you could chose

10:40:36  21   not to do that.  Do you understand that?

10:40:37  22            THE DEFENDANT:  Yes.

10:40:37  23            THE COURT:  And if you chose not to testify

10:40:38  24   or if you chose not to put in any type of a defense

10:40:41  25   case, I would specifically instruct the jury that they

                          USA VS. R. MORGAN

10:40:44  2  could not in any way consider that as evidence of your

10:40:46  3  guilt or evidence of anything else, for that matter.  Do

10:40:49  4  you understand that?

10:40:49  5          THE DEFENDANT:  Yes, I do, your Honor.

10:40:52  6          THE COURT:  In addition, the jury would have

10:40:54  7  to consider each charge against you separately and find

10:40:58  8  that the government had proven each element of the

10:41:01  9  charge under consideration beyond a reasonable doubt.

10:41:05  10  Do you understand that?

10:41:06  11          THE DEFENDANT:  Yes.

10:41:07  12          THE COURT:  And if you look at paragraph

10:41:09  13  three of the plea agreement.

10:41:16  14          THE DEFENDANT:  I'm sorry.

10:41:17  15          THE COURT:  You tell me when you have it

10:41:18  16  there in front of you.

10:41:21  17          THE DEFENDANT:  Okay.

10:41:27  18          THE COURT:  All right.  So paragraph three

10:41:29  19  sets forth the elements that the government would have

10:41:31  20  to prove beyond a reasonable doubt before you could be

10:41:33  21  convicted of the charge that is contained in the

10:41:38  22  Superseding Information.  First, that two or more

10:41:41  23  persons entered into an unlawful agreement to commit an

10:41:44  24  offense against the United States as charged in the

10:41:48  25  Superseding Information, to wit, knowingly devising a

USA VS. R. MORGAN

scheme to defraud and to obtain money and property by
means of false and fraudulent pretenses, representations
and promises, and for the purpose of executing the
scheme, used or caused to be used, wire communications
and interstate commerce.  Second, that you were a party
to or a member of that agreement.  Third, that you
joined the agreement or conspiracy knowing of its
objective to commit an offense against the United States
and intending to join together with at least one other
alleged co-conspirator to achieve that objective.  That
is, you and at least one other alleged co-conspirator,
shared a unity of purpose and intent to achieve a common
goal or objective to commit an offense against the
United States.  Fourth, that at some time during the
existence of the agreement or conspiracy, at least one
of the members of the conspiracy committed at least one
overt act in order to further the objective of the
agreement.  And fifth, that the overt act was committed
to further some object of the conspiracy.  Do you
understand the government would have to prove each one
of those elements beyond a reasonable doubt before a
jury could convict you of the charge in the Superseding
Information?

                THE DEFENDANT:  Yes, I do.

1                    USA VS. R. MORGAN

10:43:17   2          THE COURT:  In addition, the jury would have

10:43:19   3   to be unanimous in its verdict.  In other words, all 12

10:43:22   4   people would have to be in agreement that the government

10:43:24   5   met its burden of proof.  Do you understand that?

10:43:25   6          THE DEFENDANT:  Yes, I do, your Honor.

10:43:27   7          THE COURT:  Do you understand that you're

10:43:28   8   going to be giving up these rights?

10:43:30   9          THE DEFENDANT:  Yes, I do.

10:43:31   10         THE COURT:  Do you understand that a plea of

10:43:32   11   guilty is the same as if a jury found you guilty after

10:43:35   12   trial?

10:43:35   13         THE DEFENDANT:  Yes.

10:43:37   14         THE COURT:  Now, with a felony conviction,

10:43:38   15   you may lose certain civil rights, such as the right to

10:43:42   16   vote, the right to hold certain licenses or offices, the

10:43:45   17   right to sit on a jury.  Do you understand that?

10:43:47   18         THE DEFENDANT:  Yes.

10:43:48   19         THE COURT:  Have any other promises been

10:43:50   20   made to you to get you to plead guilty, other than those

10:43:53   21   that are contained in this plea agreement?

10:43:55   22         THE DEFENDANT:  No, your Honor.

10:43:55   23         THE COURT:  Has anyone threatened you or

10:43:57   24   coerced you in any way to get you to plead guilty?

10:44:00   25         THE DEFENDANT:  No, your Honor.

1                          USA VS. R. MORGAN

10:44:00  2          THE COURT:  Are you pleading guilty because,

10:44:03  3    based on your discussions with your attorney, you

10:44:05  4    believe it's in your best interest to do so?

10:44:07  5          THE DEFENDANT:  Yes, your Honor.

10:44:07  6          THE COURT:  Are you pleading guilty because

10:44:09  7    you are guilty?

10:44:10  8          THE DEFENDANT:  Yes.

10:44:11  9          THE COURT:  Have you answered my questions

10:44:13  10   truthfully?

10:44:13  11         THE DEFENDANT:  Yes, your Honor.

10:44:14  12         THE COURT:  Do you have any questions for me

10:44:16  13   or your attorneys?

10:44:16  14         THE DEFENDANT:  No.

10:44:17  15         THE COURT:  All right.  Let me direct you to

10:44:20  16   the last numbered paragraph of the plea agreement,

10:44:28  17   paragraph 35.  What I'm going to do, Mr. Morgan, is I'm

10:44:41  18   going to read this paragraph into the record.  You can

10:44:43  19   follow along on your copy, but I want you to listen to

10:44:46  20   me, too, because after I read it, I'm going to ask

10:44:49  21   whether or not it's true.  It states as follows:  "This

10:44:51  22   plea agreement represents the total agreement between

10:44:54  23   the defendant, Robert Morgan, and the government.  There

10:44:58  24   are no promises made by anyone, other than those

10:45:00  25   contained in this agreement.  This agreement supersedes

```
            1                USA VS. R. MORGAN
10:45:04    2   any other prior agreements, written or oral, entered
10:45:07    3   into between the government and the defendant."
10:45:10    4               Is that true.
10:45:10    5               THE DEFENDANT:  Yes.
10:45:11    6               THE COURT:  All right.  I'm going to do the
10:45:13    7   same thing with the paragraph on the next page, which
10:45:18    8   states as follows:  "I have read this agreement, which
10:45:22    9   consists of pages 1 through 14.  I have had a full
10:45:25   10   opportunity to discuss this agreement with my attorneys,
10:45:28   11   Joel M. Cohen Esq., and Mylen L. Denerstein Esq.  I
10:45:34   12   agree that it represents the total agreement reached
10:45:36   13   between me and the government.  No promises or
10:45:39   14   representations have been made to me, other than what is
10:45:42   15   contained in this agreement.  I understand all of the
10:45:46   16   consequences of my plea of guilty.  I fully agree with
10:45:49   17   the contents of this agreement.  I am signing this
10:45:52   18   agreement voluntarily and of my own free will."
10:45:55   19               Is that true, sir?
10:45:56   20               THE DEFENDANT:  Yes.
10:45:56   21               THE COURT:  Okay.  The next step then is for
10:45:59   22   you to sign the plea agreement.  But understand, when
10:46:01   23   you sign this, you're telling me in writing that you
10:46:03   24   fully understand all of the terms and conditions and
10:46:05   25   you're entering into it in a knowing, voluntary and
```

1                    USA VS. R. MORGAN

10:46:09  2   intelligent manner."  Is that true?

10:46:10  3              THE DEFENDANT:  Yes.

10:46:11  4              THE COURT:  Then I ask you to sign the plea

10:46:13  5   agreement now.  Once it's fully executed, if you could

10:46:21  6   hand it up, Mr. Cohen.

10:46:22  7              MR. COHEN:  Will do.

10:46:23  8              THE COURT:  Thank you.  All right.  The

10:46:52  9   record should reflect that I have in front of me the

10:46:54  10  original plea agreement.  It has been signed by Mr.

10:46:57  11  Glaberson on behalf of the U.S. attorney, and it's been

10:47:00  12  signed by Mr. Morgan and witnessed by Mr. Cohen and Ms.

10:47:04  13  Denerstein.  I am satisfied, Mr. Morgan, based on your

10:47:08  14  answers to my questions and based on your demeanor here

10:47:10  15  in court today, and based on you signing this plea

10:47:13  16  agreement, that you are entering into this plea in a

10:47:15  17  knowing, voluntary and intelligent manner.

10:47:19  18              Now, before I can accept your plea, though,

10:47:21  19  you're going to have to tell me what you did.  So, why

10:47:24  20  don't you, if you would -- do you have another copy of

10:47:26  21  the plea agreement there in front of you?

10:47:30  22              THE DEFENDANT:  Yes.

10:47:30  23              THE COURT:  Why don't you turn to paragraph

10:47:32  24  four of the plea agreement?  All right.  I'll walk

10:47:45  25  through this with you, but could you tell me, first of

1          USA VS. R. MORGAN

10:47:47  2    all, in your own words, what did you do that is causing

10:47:51  3    you to plead guilty?

10:47:51  4          THE DEFENDANT:  I agreed, with others, to

10:47:53  5    submit to ESL Federal Credit Union, documents that

10:47:56  6    contained inaccurate construction contract price

10:48:00  7    information for Ellison Heights project in order to get

10:48:05  8    excess loan funds and evade the equity requirements of

10:48:09  9    the construction loan.

10:48:09  10         THE COURT:  Okay.  And did this occur in or

10:48:13  11   around September of 2016 in the Western District of New

10:48:18  12   York?

10:48:18  13         THE DEFENDANT:  Yes, your Honor.

10:48:20  14         THE COURT:  And do you agree that you agreed

10:48:22  15   with others to obtain money or property by means of

10:48:26  16   inaccurate representations transmitted by wire in

10:48:30  17   violation of Title 18 U.S.C. Section 371?

10:48:33  18         THE DEFENDANT:  Yes.

10:48:35  19         THE COURT:  Now, paragraph 4(b0 describes

10:48:38  20   Ellison Heights Apartments, LLC as a Limited Liability

10:48:45  21   Company and describes why it was formed.  Is that

10:48:50  22   description accurate?

10:48:51  23         THE DEFENDANT:  Yes, your Honor.

10:48:51  24         THE COURT:  And you were the manager of

10:48:53  25   Morgan Ellison Heights, LLC as well as the -- well, let

USA VS. R. MORGAN

10:48:58  me rephrase that.  You were the manager of Morgan

10:49:02  Ellison Heights, LLC, which was the majority owner of

10:49:06  Ellison Heights Apartments, LLC.  Is that correct?

10:49:08          THE DEFENDANT:  That's correct, your Honor.

10:49:19          THE COURT:  Do you agree with paragraph

10:49:22  4(b)(iv), which says that you saw and were aware of

10:49:25  documents reflecting inaccurate information and agreed

10:49:29  along with one or more co-conspirators for that

10:49:33  information to be submitted to ESL to receive more funds

10:49:37  from the loan?

10:49:38          THE DEFENDANT:  Yes, your Honor.

10:49:39          THE COURT:  And do you agree that the

10:49:41  transmission via wire of this inaccurate information to

10:49:44  ESL to obtain the construction loan was an overt act

10:49:49  committed to obtain a larger amount of the construction

10:49:51  loan than what would have otherwise been supported by

10:49:54  the actual figures.  Is that true?

10:49:56          THE DEFENDANT:  Yes, your Honor.

10:50:01          THE COURT:  And do you agree that the facts

10:50:02  that we've just gone over and that what you just

10:50:06  testified to and answered my questions about, that the

10:50:10  government would be able to prove those facts beyond a

10:50:13  reasonable doubt at trial or another hearing?

10:50:15          THE DEFENDANT:  Yes, your Honor.

```
                              USA VS. R. MORGAN
10:50:16   2          THE COURT:  All right.  Let me ask the
10:50:19   3   government, first of all.  Anything else that you think
10:50:21   4   I should cover?
10:50:22   5          MR. GLABERSON:  No, your Honor.
10:50:23   6          THE COURT:  Mr. Cohen?
10:50:23   7          MR. COHEN:  No, your Honor.
10:50:24   8          THE COURT:  All right.  Mr. Morgan, I do
10:50:27   9   find, based on your answers to my questions, that there
10:50:29  10   is a sufficient factual basis for your plea, and,
10:50:32  11   therefore, I will accept it.  I'm going to defer on
10:50:35  12   whether or not I accept the plea agreement.  But I will
10:50:37  13   accept your plea.
10:50:39  14          So I now am going to ask you, in the
10:50:41  15   presence of your attorneys, how do you plead to the one
10:50:44  16   count Superseding Information charging a violation of
10:50:48  17   Title 18 U.S.C. Section 371?
10:50:54  18          THE DEFENDANT:  Guilty.
10:50:54  19          THE COURT:  Okay.  Thank you.  We discussed
10:50:58  20   sentencing dates last week.  I think Todd Morgan's
10:51:01  21   sentencing was scheduled for here in Rochester on July
10:51:06  22   21st, maybe, it was a Friday?
10:51:11  23          MR. COHEN:  July 22nd.
10:51:12  24          THE COURT:  How does that work for counsel
10:51:16  25   and Mr. Robert Morgan?
```

1                     USA VS. R. MORGAN

10:51:20   2            MR. COHEN:  That would work for us, your

10:51:23   3  Honor.

10:51:23   4            THE COURT:  Okay.  What about 9:30 that

10:51:33   5  morning?

10:51:34   6            MR. COHEN:  That's fine, your Honor.

10:51:35   7            THE COURT:  Does that work for the

10:51:36   8  government?

10:51:37   9            MR. GLABERSON:  Yes, your Honor.

10:51:38  10            THE COURT:  We'll schedule Mr. Morgan's

10:51:40  11  sentencing at 9:30 on Friday July 22nd.  Are the parties

10:51:45  12  anticipating, I mean, it's going to depend on what the

10:51:48  13  PSR says, but are you anticipating anything being

10:51:52  14  submitted for me to resolve potential disagreement about

10:51:56  15  the offense level, other than written submissions?  I

10:52:01  16  mean, in other words, is anybody anticipating that we

10:52:04  17  would have to have an evidentiary hearing to resolve

10:52:06  18  those issues?  I mean, because the offense levels is

10:52:12  19  pretty wide disagreement.  In the end, it may not impact

10:52:17  20  anything if I accept the 11(c)(1)(C), but --

10:52:22  21            MR. GLABERSON:  As your Honor said, I guess

10:52:23  22  it does depend on what the PSR does say.  Certainly, the

10:52:28  23  government did not anticipate holding an evidentiary

10:52:31  24  hearing on the issues.

10:52:32  25            THE COURT:  What about Mr. Cohen, from the

1               USA VS. R. MORGAN

10:52:33  2   defense perspective?

10:52:34  3               MR. COHEN:  Same general answer, your Honor.

10:52:37  4   Depends on what the report says or what the government

10:52:39  5   does, but we don't have an independent plan to present

10:52:43  6   anything on those issues.

10:52:44  7               THE COURT:  What I will do is issue my

10:52:46  8   typical sentencing scheduling order that will set forth

10:52:49  9   the deadlines for various submissions in advance of the

10:52:52  10  sentencing.  But if upon seeing the initial draft of the

10:52:55  11  PSR, you believe that there is going to be a need for

10:53:01  12  further discussion, at least, with the Court, let me

10:53:04  13  know and we can have that discussion.  Okay?

10:53:07  14              MR. GLABERSON:  Yes, your Honor.

10:53:08  15              MR. COHEN:  Yes.

10:53:08  16              THE COURT:  Anything else on behalf of Mr.

10:53:11  17  Morgan?

10:53:11  18              MR. COHEN:  No, your Honor.

10:53:12  19              THE COURT:  Anything else on behalf of the

10:53:14  20  government?

10:53:14  21              MR. GLABERSON:  No, your Honor.

10:53:14  22              THE COURT:  All right.  Thank you,

10:53:16  23  everybody.  Have a good day.

10:53:17  24              MR. GLABERSON:  Thank you.

10:53:19  25              THE DEFENDANT:  Thank you.

10:53:19

1

2

3                              *       *       *

4                    CERTIFICATE OF REPORTER

5

6        I certify that the foregoing is a correct transcript

7    of the record of proceedings in the above-entitled

8    matter.

9

10    S/ Karen J. Clark,  RPR

11

12    Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25