

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*138 Delaware Ave.*            *(716) 843-5700*
*Buffalo, New York  14202*      *fax (716) 551-3052*
                                  *Writer's Telephone (716) 843-5837*
                                  *Joseph.J.Karaszewski@usdoj.gov*

April 22, 2022

Hon. Elizabeth A. Wolford
Chief Judge
U.S. District Court
Western District of New York
U.S. Courthouse
100 State Street, Room 152
Rochester, New York 14614

      Re:    **United States v. Robert Morgan et al.**, 21-CR-32

Dear Judge Wolford:

      By e-mail to the parties on April 13, 2022, the Court noted that statements I made to the Court on April 12, 2022, at Robert Morgan's change of plea proceeding concerning the scope of the appellate waiver appear inconsistent with statements the government made at Frank Giacobbe's change of plea proceeding on April 4, 2022. The Court directed the government to file a letter clarifying its position. As set forth below, because the Sentencing Guidelines applicable to the Giacobbe and Robert Morgan appellate waivers are different, the statements are reconcilable.

      In Mr. Giacobbe's plea agreement, the parties agreed that his total offense level under the Guidelines was 4, which calls for a sentencing range for imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of 1 year. (Docket No. 84, at ¶ 11). Mr. Giacobbe waived his right to appeal "any component of a sentence which falls within or is less than" these ranges. *Id.*, at ¶ 27. At Mr. Giacobbe's plea proceeding on April 4, 2022, the Court observed that there was no specific reference to probation in the appellate waiver paragraphs, but noted that the offense level to which the parties agreed would carry a recommendation of a term of probation of up to three years. (Docket 92, at 4). *See* USSG § 5B1.2(a)(2). The Court then asked directly: "So the appellate waiver would not apply if, for instance, a sentence was imposed of three years probation." The government replied: "Correct. It is not – the probation sentence is not mentioned in [the appellate waiver paragraphs]." (Docket 92, at 5). Mr. Giacobbe's counsel agreed. (*Id.*).

      A more precise response to the Court's question would have been that the appellate waiver would not apply to a term of probation of *more than* three years. Notwithstanding this,

April 22, 2022
Page 2

and to avoid any question regarding the voluntariness of Mr. Giacobbe's plea of guilty, the government affirmatively represents that if Mr. Giacobbe is sentenced to a term of probation of three years (or greater), and appeals that sentence, the government will not seek to enforce the waiver set forth at paragraph 27 of his plea agreement.

Mr. Morgan's plea agreement is different. In it, the parties disagreed about the applicable offense level. (Docket No. 98, at ¶ 12). The government took the position that Mr. Morgan's crime called for a total offense level of 33, which corresponds to sentencing range for imprisonment of 60 months (the statutory maximum), a fine of $30,000 to $250,000, and a period of supervised release of 1 to 3 years. *Id.*, at ¶ 12(a). Mr. Morgan waived his right to appeal "any component of a sentence" within or less than those ranges. *Id.*, at ¶ 30. At Mr. Morgan's plea proceeding on April 12, 2022, the Court again inquired whether the appellate waiver would extend to a sentence of probation. I responded that despite the absence of any mention of probation in paragraphs 12(a) and 30, a probationary sentence was, by any measure, a component of a sentence which is less than 60 months' imprisonment, and that if Mr. Morgan appealed a sentence of probation, the government might ask the Second Circuit to enforce the waiver. Mr. Morgan's counsel disagreed, but with full knowledge of the parties' disagreement on this point, Mr. Morgan pled guilty to the Superseding Information, and the Court found that his plea was knowing and voluntary.

The government's positions at the two plea proceedings are not inconsistent. Mr. Giacobbe's appellate waiver references a Guidelines offense level of 4, which expressly contemplates probation. *See* USSG § 5B1.1(a)(1) ("a sentence of probation is authorized if … the applicable guideline range is in Zone A of the Sentencing Table"). In contrast, Mr. Morgan's appellate waiver references an offense level of 33, for which the Guidelines do not recommend probation. *See* USSG § 5C1.1(f) ("If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment"); USSG § 5B1.2, comment. (n.2) ("Where the applicable guideline range is in Zone C or D of the Sentencing Table … the guidelines do not authorize a sentence of probation"). Given this, the government's concession in Mr. Giacobbe's case that the waiver was limited by section 5B1.2(a)(2)'s recommendation of "no more than three years" of probation is not inconsistent with the government's position that in Mr. Morgan's case, the appellate waiver applied to any sentence of probation.

Further, even if the probation Guideline applicable to an offense level higher than 6 is implicated for Mr. Morgan, the government's position remains consistent. Specifically, although the government did not mention it, USSG § 5B1.2(a)(1), recommends a term of probation of one to five years "if the offense level is 6 or greater." Thus, because the statutory maximum term of probation is five years under 18 U.S.C. § 3561(c)(1), *any* term of probation which the Court is authorized to impose upon Mr. Morgan at sentencing would be "within or less than" the Guidelines range for probation applicable to an offense level of 33. I concede that I did not have this Guidelines provision in mind when I articulated the government's position, but it provides additional support for it. Of course, as the government stated on the record, ultimately it would be up to the Second Circuit to decide the parameters of the appellate waiver if Mr. Morgan appealed a sentence of probation and the government sought to enforce the waiver.

   Finally, even if the Court were to determine that the government's positions in the two proceedings were inconsistent, that inconsistency does not impact the Court's finding in each of the proceedings that the defendants' pleas were knowing and voluntary.

   Thank you for providing the government with this opportunity to clarify its position.

                Respectfully yours,

                TRINI E. ROSS
                United States Attorney

          BY: s/JOSEPH J. KARASZEWSKI
             Assistant United States Attorney

JJK/dec